UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Barbara Roessner,<br>    *Plaintiff,*<br><br>*v.*<br><br>Employee Term Life, et al.,<br>    *Defendants.* | Civil No. 3:07cv1434 (JBA)<br><br><br><br>December 11, 2008 |

**RULING ON MOTION FOR LEAVE TO AMEND**

Plaintiff Barbara Roessner moves for leave to amend her complaint in this action to add a new theory of recovery under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3). Defendants object, arguing that Plaintiff has not shown good cause for allowing such leave and that to permit a new claim at this stage of the case would be prejudicial. Based on the Federal Rules' guidance that leave to amend should be freely given, the Court grants Plaintiff's motion for the reasons that follow.

**I.    Relevant Background**

Roessner is the widow of Craig Baggott and the designated beneficiary of Baggott's life-insurance benefits under a plan with the Defendants. (Compl. ¶¶ 1–2.) In her original complaint, Roessner claimed that she was improperly denied supplemental life benefits due to her following Baggott's death. (*Id.* ¶ 20.) Before the Defendants filed their answer, the parties conferred and filed a Rule 26(f) report [Doc. # 22] that set February 28, 2008 as the deadline for amending pleadings. After reviewing this report, the Court entered a scheduling order directing discovery to conclude by May 16, 2008, with dispositive motions due June 20, 2008. (Sch. Ord. ¶¶ 1–2.) During a routine status conference held April 28, 2008, the parties represented that they expected no delays in completing discovery as

scheduled.

On May 13, 2008, Plaintiff moved for leave to amend her complaint to add a second claim: that the Defendant Tribune Co. breached its fiduciary duty to Baggott. Thus, in addition to the denial-of-benefits claim asserted under 29 U.S.C. § 1132(a)(1)(B), Roessner seeks to add a breach-of-fiduciary-duty claim under § 1132(a)(3) and seek equitable relief in the form of reinstating Baggott's coverage under the governing insurance plan. (Prop. Am. Compl. [Doc. # 35] at 7–9.) Plaintiff contends that she has good cause for seeking this amendment based on counsel's view that "the law has developed since this case was initiated" and that "renewed examination of the applicable law" revealed that only now was the fiduciary-duty claim cognizable. (Pl.'s Reply [Doc. # 38] at 1.) Defendants object to this proposed amendment and argue that Roessner has not sufficiently justified her late request:

> Having failed to demonstrate good cause . . . , the Court should not accommodate Plaintiff's failure to assert timely the claims that have always been available to her. This is particularly so here, where the amendment will prejudice Defendants by significantly delaying these proceedings.

(Defs.' Surreply [Doc. # 41] at 6.)

## II.     Leave to Amend under Rule 15

Federal Rule of Civil Procedure 15 provides that a court should "freely give" a plaintiff leave to amend her complaint "when justice so requires." Reasons to deny such leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to

amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). The objective served by freely allowing amendments is to enable a party "to assert matters that were overlooked or were unknown at the time of the original complaint." *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 703 (2d Cir. 1985) (quotation marks omitted).

Most of the considerations highlighted in *Foman* can easily be discarded on the facts here. There is no suggestion that Plaintiff has acted in bad faith or with the intent to improperly delay the proceedings. Although Plaintiff filed her motion after the date that the parties set as the deadline for amending the pleadings, the request for leave to amend came before the close of discovery and prior to any summary-judgment briefing, representing a far shorter delay than the multi-year intervals allowed in other cases. *See Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (collecting cases which allowed amendment after delays of two years or more). Because this is Plaintiff's first attempt to amend her complaint, it is not an example of a repeated failure to cure previously identified pleading deficiencies. *See Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978). And given the Defendants' argument that Plaintiff's new claim for equitable relief "could have been brought at the outset of the case" (Defs.' Surreply at 6), such amendment would not be futile. *See Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).

Defendants emphasize, however, that they would be prejudiced by allowing this amendment so late in the litigation. Because of the nature of Roessner's original allegations, Defendants urge, they would now have to expand discovery beyond its original scope to include taking Plaintiff's deposition and potentially engaging an expert witness on the insurance industry. Plaintiff denies that any additional discovery would be significant or

3

onerous, and suggests that she should not be penalized if the expansion of discovery is due to Defendants' tactical decision to not take her deposition in the first place. On balance, although it is true that taking Plaintiff's deposition and hiring an expert would impose extra costs on the Defendants, they have not demonstrated how this amounts to *undue* prejudice. If a non-moving party could defeat a motion for leave to amend merely by showing that the new allegations would be inconvenient, then the command that such leave be freely given would have little effect. Given that the new allegations here stem from the same underlying facts, *Kreppein v. Celotex Corp.*, 969 F.2d 1424, 1427 (2d Cir. 1992), are related to Plaintiff's original claim, *State Teachers Retirement Board*, 654 F.2d at 856, and would not require Defendants to "expend significant additional resources" or "significantly delay the resolution of the dispute," *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993), Defendants have not demonstrated that they would be sufficiently prejudiced to justify denying Plaintiff her requested leave to amend.

Finally, Defendants reference the requirement in Local Civil Rule 16(b) that a party can only seek modification of a scheduling order upon a "showing of good cause"—that is, "a particularized showing that the schedule cannot be met, despite the diligence of the party seeking the modification, for reasons that were not reasonably foreseeable when the parties submitted their proposed case management plan." Roessner cannot meet this "good cause" standard, Defendants argue, because her counsel's reading of ERISA law is incorrect and because the new fiduciary-duty claim could have been asserted in the original complaint. The Court is not persuaded that a disagreement over the development of governing benefits law should bear on the outcome of Plaintiff's request for leave to amend. Defendants have conceded that the fiduciary-duty claim is cognizable, and Plaintiff has offered a plausible

4

explanation for why the claim was not part of her original complaint. On these facts, Plaintiff has met her burden of showing good cause for modifying the scheduling order to account for this new theory of relief.

III.     **Conclusion**

Accordingly, Plaintiff's Motion for Leave to File Amended Complaint [Doc. # 34] is granted.

IT IS SO ORDERED.

                        /s/
                     Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 11th day of December, 2008.